THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
LANSDALL DIVISION

JOHN DAVID LANSDELL                                                    PLAINTIFF

v.                                                         CIVIL CASE NO. 1:17-CV-177-RP

COMMISSIONER OF SOCIAL SECURITY                                        DEFENDANT

## **JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument during a hearing held in this matter today, the Court finds the Commissioner's decision is not supported by substantial evidence. The ALJ failed to conduct a proper analysis under *Newton v. Apfel,* 209 F.3d 448 (5th Cir. 2000) when rejecting the uncontradicted opinion of the plaintiff's treating physician Dr. Ernest Lowe regarding the work absenteeism that would result from the plaintiff's limitations. *See Moore v. Astrue,* No. 3:10-CV-00113-SAA, 2011 WL 2551547, *4-5 (N.D. Miss. June 27, 2011) (remanding due to ALJ's failure to consider *Newton* factors or point to medical opinion disputing treating physician's finding on

absenteeism). Further, Dr. Lowe having opined that the plaintiff could never lift or carry even less than 10 pounds, and examining physician Dr. Bullwinkel (whose opinion the ALJ gave great weight) having limited the plaintiff to occasionally lifting or carrying 10 pounds, it is unclear what evidence the ALJ and Appeals Council relied upon to conclude the plaintiff could occasionally lift and/or carry 20 pounds. Additionally, the record is unclear and needs clarification as to the potentially dispositive issue of whether the plaintiff is naturally left-hand dominant or right-hand dominant.

Finally, the VE's erroneous testimony that the light-classified jobs he identified would be available to an individual who could occasionally lift only 10 pounds calls into question the reliability of his testimony indicating that those jobs could be performed with the use of only a single upper extremity, even if the individual requires the use of a cane to assist with walking as was found in this case. *See Carey v. Apfel,* 230 F.2d 131, 147 (5th Cir. 2000) ("Certainly, a vocational expert's erroneous characterization of the exertional level or skills required to perform a particular job calls into question both the probative value and reliability of the expert's testimony.") The record needs clarification as to the extent to which potential available jobs require bilateral use of the upper extremities and, if the plaintiff is essentially limited to the use of one upper extremity and requires a cane to assist with walking, whether those jobs would be available.

This case is reversed and remanded for a reassessment of the plaintiff's RFC and for Step Four and Step Five determinations accordingly.

This, the 8th day of August, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE